Joe N. BYRON, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 84–1046.

United States Court of Appeals, Tenth Circuit.

Aug. 10, 1984.

Jeffrey Kauffman, John Hogan Stewart, P.A., Albuquerque, N.M., for plaintiff-appellant.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., and Peter Krynski,

Trial Atty., Dept. of Health and Human Services, Baltimore, Md., and William L. Lutz, U.S. Atty., and Ronald F. Ross, Asst. U.S. Atty., Albuquerque, N.M., for defendant-appellee.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

The question in this case is whether or not the appellant was mistreated at various levels by the Secretary, the Administrative Law Judge and the Appeals Council. He suffered an injury at the age of 34 years old. He has worked as a cook, butcher, gas station attendant and janitor. On August 29, 1972 he was admitted to the hospital for a spinal fusion. On that day he was found to be disabled and he began receiving disability benefits. He has been basically unemployed since that time.

In 1982, the Secretary notified appellant that he was no longer disabled as of November, 1981. In making this decision, the Secretary considered a report filed by Emmett Altman, M.D., appellant's physician. Dr. Altman had been treating appellant for over ten years. On December 1, 1981, Dr. Altman stated that appellant had increased back pain, difficulty in sleeping, dizziness caused by medication, back pain that went down to his groin area, and that his situation remained unchanged. A CAT scan revealed "[m]oderate bulging in the annulus at 3–4 which is producing some central compression, and the localized bulge of the disc at 4–5 which partially extends into the left lateral recess and may be significant in view of the patient's left-sided symptomology." It was Dr. Altman's opinion that further surgery would not benefit the appellant. In addition, Dr. Altman indicated that the objective findings of the scan were the cause of appellant's persistent pain and disability.

The Secretary also considered a report filed by Frank Jones, M.D., who examined the appellant at the request of the Disability Determination Unit. Dr. Jones conducted a physical examination and took x-rays. Dr. Jones was of the opinion that appellant was capable of light or sedentary work.

Appellant appealed this decision to terminate his disability benefits. He waived the right to appear personally. The Administrative Law Judge found that appellant was still disabled and that the benefits ought to continue. The Appeals Council reversed this decision. It was appealed to the district court, which affirmed. This appeal followed.

On this level, appellant has argued that the decision of the Appeals Council ought to be reversed because it was unsupported by substantial evidence. In addition, appellant asserts that it was error for the Council to give more credence to the report filed by the consulting physician than to the report filed by Dr. Altman, appellant's personal physician. Finally, appellant argues that the Council erred in not giving sufficient weight to his allegations of pain.

The response of the appellee in contention here is that its decision was supported by substantial evidence and they point out that this court is not to reweigh the evidence or try the case *de novo.* According to appellee, the decision to terminate appellant's benefits ought to be affirmed because appellant failed to meet his burden of proving that he had a disability. The appellee also argues that she was entitled to find that appellant's complaints of pain were not credible. Finally, appellee asserts that she was entitled to weigh the conflicting evidence submitted by the two physicians, and reach the result that appellant is no longer disabled.

■ In reviewing the decision of the Secretary, this court is bound by the findings of fact if they are supported by substantial evidence. This is, of course, accepted doctrine. *Daring v. Heckler,* 727 F.2d 64 (3d

Cir.1984). This limited scope of review does not apply, however, to questions of law. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Smith v. Heckler*, 707 F.2d 1284 (11th Cir.1983); *Smith v. Schweiker*, 646 F.2d 1075 (5th Cir.1981). The fact that this court finds that there is not substantial evidence to support the decision to terminate appellant's benefits, and because it appears that an incorrect legal standard was applied, this court concludes that it must reverse.

On appeal, appellant makes the contention that the Secretary failed to give sufficient weight to the testimony of Dr. Altman, appellant's physician. According to appellant, the Secretary erred in giving more weight to the report filed by Dr. Jones, the consulting physician requested by the Disability Determination Unit, who saw appellant once, than to the report filed by Dr. Altman. Appellant's argument is persuasive.

 Unless good cause is shown to the contrary, the Secretary must give substantial weight to the testimony of the claimant's treating physician. *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir.1982). If the opinion of the claimant's physician is to be disregarded, specific, legitimate reasons for this action must be set forth. *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983).

 In the case at bar, the Appeals Council chose to accept the findings of Dr. Jones based upon a very limited examination. This was in preference to the findings of Dr. Altman, appellant's long-time physician. The Council's only statement regarding this was to indicate that Dr. Altman had not assessed the appellant's capacity to sit, stand, walk or lift. (It is to be noted that in his statement appellant indicated that he could not stand for over 20 minutes, walk over one-half mile, or lift over 15 pounds, and that Dr. Altman had told him not to lift anything). Dr. Altman did find, however, that while the results of the CAT scan were "not too remarkable", they were consistent with persistent back pain and disability. The Appeals Council apparently focused only on the words, "not too remarkable" and ignored Dr. Altman's additional findings. Dr. Altman also indicated that appellant had limited back motion and that his situation remained unchanged. In light of the evidence submitted by Dr. Altman and the weight to be accorded to it, the Council's note that Dr. Altman had not assessed appellant's capacity to sit, stand, walk or lift is an insufficient reason to disregard his findings.

 More important in the present context is the fact that the Appeals Council rejected appellant's complaints of pain and made the finding that he had only mild pain. Case law indicates that subjective complaints of pain may not be disregarded solely because no objective evidence exists to support such claims. *See, e.g., Carpenter v. Heckler*, 733 F.2d 591 (8th Cir.1984). Here, the Council disbelieved appellant's complaints of pain even though they were supported by objective medical evidence. The Council indicated that appellant's complaints of pain were inconsistent with his jogging and intermittent work as a janitor. The Appeals Council has made the same mistake here that was noted in *Broadbent v. Harris*, 698 F.2d 407 (10th Cir.1983). In that case this court held that sporadic diversions do not establish that a person is capable of engaging in substantial gainful activity. In that case the appellant had performed a few household tasks, worked on his cars and had taken an occasional trip in a camper and had driven to California. This court stated that these activities were not conducted regularly and did not involve prolonged physical activity. Somewhat the same situation is here presented. In order to engage in gainful activity, a person must be capable of performing on a reasonably regular basis. Working for an hour or so as a janitor in an intermittent fashion is not inconsistent with complaints of pain, especially in light of both appellant's and Dr. Altman's testimony regarding pain. Dr. Altman, in a letter dated 12–1–81 to the

Disability Determination Unit, stated that the appellant was having increasing back pain, particularly at night. Dr. Altman also indicated that the results of the CAT scan were consistent with persistent back pain. The Administrative Law Judge found that Dr. Jones' conclusion that appellant was able to perform light work was not reasonable in light of his complaints of pain. The Appeals Council reversed this without sufficient evidence to support their finding that appellant suffers only mild pain.

 It also appears that an incorrect legal standard was applied. In termination of benefit cases, benefits may not be discontinued without a showing that the claimant's condition has improved.

> [O]nce having found a disability, the Secretary may not terminate the benefits without substantial evidence to justify so doing. This will normally consist of current evidence showing that a claimant has improved to the point of being able to engage in substantial gainful activity * * *.

*Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996 (1st Cir. 1975). This formulation, although phrased somewhat differently, has been approved by at least five other circuits, including this one. *See Torres v. Schweiker*, 682 F.2d 109 (3rd Cir.1982); *Hayes v. Secretary of Health, Education and Welfare*, 656 F.2d 204 (6th Cir.1981); *Finnegan v. Matthews*, 641 F.2d 1340 (9th Cir.1981); *Weber v. Harris*, 640 F.2d 176 (8th Cir.1981); and *Van Natter v. Secretary of Health, Education and Welfare*, #79–1439 (10th Cir.1981) (Not for Routine Publication). Some of the circuits articulate the standard in terms of a presumption of continued disability that the Secretary is required to rebut. Other circuits couch the standard merely in terms of a requirement that evidence of improvement be present and review the Secretary's findings under the substantial evidence test. Either way, "benefits may not be terminated without showing that the recipi-

ent's medical condition has improved." *Trujillo v. Heckler*, 569 F.Supp. 631 (D.Colo.1983).

 Here, the Administrative Law Judge may have applied the correct legal standard. At least he found that appellant had not improved to the point that he could engage in substantial gainful activity. The Appeals Council reversed and made no finding whatsoever as to whether the appellant had improved. The Appeals Council ignored the requirement that in order to terminate benefits, there must be evidence of improvement.[1] The Appeals Council focused only on current evidence of whether appellant was disabled. In order for evidence of improvement to be present, there must also be an evaluation of the medical evidence for the original finding of disability. "Without such a comparison, no adequate finding of *improvement* could be rendered." *Vaughn v. Heckler*, 727 F.2d 1040 (11th Cir.1984). This failure to apply the correct legal standard is, by itself, sufficient to command reversal in the case. *Id.* In addition, however, review of the record indicates that even had the Appeals Council applied the correct standard, it is highly doubtful that there would be substantial evidence in the record to support a finding that appellant's condition had improved to the requisite extent.

Accordingly, the cause is reversed and remanded to the Secretary with directions to reinstate the prior status of the plaintiff-appellant.

---

1. This court notes that benefits could also be terminated upon a showing that the original assessment of disability was erroneous. On the facts of this case, this appears inapplicable.