930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Charlene KENNEDY, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-6269.
 United States Court of Appeals, Tenth Circuit.
 March 4, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court affirming a final order of the Secretary of Health and Human Services denying disability benefits. Plaintiff Charlene Kennedy contends the opinions of her treating physician and vocational expert were not given proper consideration. Plaintiff further alleges the administrative law judge's (ALJ) finding that her allegations of severe pain were not credible is not supported by substantial evidence. We affirm.
 
 
 3
 Plaintiff suffers from diabetes mellitus, hypertention, bursitis, and obesity. She worked from 1973 to 1986 as a registered nurse. In May 1986 plaintiff's treating physician, Dr. Reynolds, recommended that she resign her job as a "charge" nurse because he believed her physical condition precluded continuation in that position.
 
 
 4
 Plaintiff filed an application for disability benefits on May 22, 1986, which was denied. That decision was reversed by the Appeals Council and plaintiff received a second hearing. Following that hearing, the ALJ issued an opinion finding plaintiff was not entitled to benefits. The Appeals Council considered an additional report prepared by plaintiff's vocational expert, but denied her request for review of the ALJ's decision. That determination became the final decision of the Secretary and was affirmed by the district court.
 
 
 5
 Our review is limited to a determination of whether there is substantial evidence in the record to support the Secretary's decision. 42 U.S.C. Sec. 405(g); Campbell v. Bowen, 822 F.2d 1518, 1521 (10th Cir.1987). Evidence is not substantial if it is overwhelmed by other evidence or is merely conclusory. Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988). We will not reweigh the evidence or substitute our judgment for that of the Secretary. Jozefowicz v. Heckler, 811 F.2d 1352, 1357 (10th Cir.1987). There are, however, specific rules of law that must be followed in weighing particular types of evidence in disability cases and failure to follow these rules constitutes reversible error. Reyes v. Bowen, 845 F.2d 242, 244 (10th Cir.1988).
 
 
 6
 Proper consideration was given to the opinions of plaintiff's treating physician. The testimony of a treating physician is entitled to substantial weight. Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984). The record indicates Dr. Reynolds believed plaintiff was unable to perform nursing care work because she could not be on her feet for an extended period of time or walk over one hundred yards without having pain. The ALJ's finding that plaintiff could not perform her past work as a nurse is consistent with this opinion. The ALJ, however, also found plaintiff could perform sedentary jobs and thus was not disabled. Dr. Reynolds did not state an opinion concerning whether plaintiff could perform such jobs. The ALJ's conclusions are therefore consistent with the opinions of plaintiff's treating physician. These conclusions are also in harmony with the opinions of Dr. Freede, Dr. Mehta, and Dr. Robinson, none of whom addressed whether plaintiff was able to perform sedentary jobs.
 
 
 7
 Plaintiff also asserts the ALJ erred in failing to properly consider the observations of the claims representative. Because these observations were not made by a medical expert or based on objective medical findings, they should not have been considered. See Gossett v. Bowen, 862 F.2d 802, 806 (10th Cir.1988). We also disagree with plaintiff's contention that the ALJ improperly considered the opinion of a medical advisor. There is no indication in the record the ALJ gave the advisor's report undue weight in reaching his conclusion.
 
 
 8
 We also conclude the vocational report of Dr. Bartlow was given proper consideration. Dr. Bartlow indicated plaintiff could not perform sedentary work because of vision problems and disabling mental health problems. This opinion, however, was based on the observations of plaintiff's vocational expert rather than medical evidence. The medical evidence contained in the record, in fact, contradicts Dr. Bartlow's conclusion. The Appeals Council did not err in refusing to accept this opinion.
 
 
 9
 Finally, we hold the ALJ's finding that plaintiff's allegations of disabling pain were not credible is supported by substantial evidence in the record. If the objective medical evidence indicates the claimant suffers from a pain-causing impairment, the ALJ must then evaluate all the evidence, including plaintiff's allegations concerning the severity of the pain and the relevant medical information, to determine whether the claimant's pain is so severe as to be disabling. See 42 U.S.C. Sec. 423(d)(5)(A); Luna v. Bowen, 834 F.2d 161, 165 (10th Cir.1987). Based on our review of the record, we find the ALJ's conclusion that plaintiff's pain was not disabling is supported by substantial evidence. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3