982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stephen F. VANSICKLE, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-7025.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and PAUL KELLY, Jr., Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Claimant Stephen F. Vansickle appeals the district court's order affirming a decision by the Secretary of Health and Human Services (Secretary) that Mr. Vansickle is not disabled. Because we find that the administrative law judge (ALJ) misapplied the Medical-Vocational Guidelines, 20 C.F.R. § 404, subpt. P, app. 2 (the grids), we vacate the district court's judgment and order that the matter be remanded for further proceedings.
 
 
 2
 Claimant, a forty-five year old male with a high school education, applied for disability benefits based on his heart trouble, breathing problems, loss of energy, post traumatic stress disorder, and back pain. The ALJ found that although claimant suffered severe impairments which prevented him from returning to his prior employment in the construction industry, he remained capable of performing sedentary work and thus was not disabled. The Appeals Council denied claimant's request for review of this determination, and the United States District Court for the Eastern District of Oklahoma affirmed.
 
 
 3
 A disability determination will be upheld if it is supported by substantial evidence. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1497 (10th Cir.1992). "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Such a determination may be reversed, however, for the failure to apply a legal standard correctly. Frey v. Bowen, 816 F.2d 508, 512 (10th Cir.1987); Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984).
 
 
 4
 Claimant first contends that the ALJ's finding is unsupported by substantial evidence because it ignores claimant's testimony that his back pain prevents him from sitting or standing for more than fifteen minutes at a time. Claimant argues that the effect of his pain should have been evaluated pursuant to Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987).
 
 
 5
 In Luna, we held that once a claimant has shown the existence of a pain-producing impairment and a loose nexus between such impairment and the claimant's alleged pain, an ALJ may not simply rely on objective medical data to determine whether the claimant suffers from disabling pain. Id. at 164-65. Here, in finding Mr. Vansickle's allegations of pain unsupported, the ALJ did not simply rest his decision on the absence of objective medical evidence. Instead, the ALJ looked to physicians' opinions regarding claimant's functional capacity, his lack of medication, and his response to treatment, in addition to the dearth of objective medical findings. R. II at 14. The ALJ also relied on the guidelines set forth in Soc.Sec.Rul. 88-13, which identify nonmedical evidence to be considered when evaluating a claimant's subjective complaints of pain. Thus we find that the ALJ evaluated claimant's complaints of pain in accordance with our opinion in Luna.
 
 
 6
 Claimant's treatment history undermines his claim that he is disabled by back pain. After rupturing a disc in 1987, claimant was given conservative therapy and returned to his position as a construction superintendent, where he was able to lift over 100 pounds, operate backhoes and loaders, and stand, sit, and walk without restriction. Between 1987 and October 2, 1989, there is no evidence that claimant received any treatment, took medication, or visited a physician for his back condition.
 
 
 7
 When applying for disability benefits in March 1989, claimant did not list his previously ruptured disk as a disabling condition. It was only after he was refused benefits for his heart and breathing problems in July 1989 that he identified his back problem as disabling. When examined by consulting physician Dr. Strom in May 1989, claimant simply characterized his back problem as "occasional stiffness."
 
 
 8
 Finally, the objective medical evidence does not support claimant's claim of disabling back pain. Dr. Strom's examination did not reveal any atrophy or physical restrictions attributable to claimant's history of a ruptured disk. Dr. Rowlan, who examined claimant in October 1989, diagnosed his back problem as a chronic L-S strain which could be treated through an exercise program and anti-inflammatories. The physician's report did not indicate that claimant's activities should be restricted. We find that the record contains substantial evidence to support the ALJ's conclusion that claimant is not disabled by pain.
 
 
 9
 Mr. Vansickle argues that the ALJ erred in relying on the grids when he presented evidence of several nonexertional impairments. When a claimant's impairments are exertional in nature, the Secretary may use the grids to determine conclusively whether the claimant is disabled. We have repeatedly held, however, that the grids may not be so used when a claimant suffers nonexertional impairments as well. See, e.g., Talbot v. Heckler, 814 F.2d 1456, 1460 (10th Cir.1987); Channel v. Heckler, 747 F.2d 577, 580-81 (10th Cir.1984). Rather, the ALJ must evaluate whether a claimant's nonexertional impairments significantly restrict the range of work otherwise available within the claimant's exertional classification. Channel, 747 F.2d at 582.
 
 
 10
 In making this assessment, if substantial evidence establishes that the claimant's nonexertional impairments will have a negligible effect on the range of jobs available, the grids may be used to determine the claimant's disability status. Id.; Talbot, 814 F.2d at 1465. If, however, the nonexertional impairments will further restrict a claimant's ability to perform the full range of jobs in a particular category, the fact finder "must give 'full consideration' to 'all the relevant facts,' [20 C.F.R. § 404, subpt. P,] App. 2, § 200.00(e)(2), including expert vocational testimony if necessary, in determining whether [the claimant] is or is not disabled." Channel, 747 F.2d at 583.
 
 
 11
 Here, the ALJ specifically found that claimant suffers from two nonexertional impairments: postural limitations, including the inability to repetitively bend, stoop or squat; and environmental restrictions, including the inability to work around respiratory irritants. R. II at 14. The ALJ then found, however, that claimant could perform "the full range of sedentary work;" that "the record fails to establish ... a nonexertional impairment(s) which would further limit his ability to engage in sedentary work;" and that, based on the grids, the claimant was not disabled. Id. at 14-15.
 
 
 12
 The record does not contain substantial evidence to support a conclusion that claimant can perform the full range of jobs included within the "sedentary" classification. As recognized by the ALJ, objective medical evidence demonstrates that claimant has a respiratory ailment and a chronic L-S back strain, imposing both environmental and postural limitations on the range of jobs for which he is exertionally qualified. Although a vocational expert testified at the hearing, the ALJ failed to question such expert as to the percentage of sedentary jobs which could accommodate claimant's nonexertional limitations. Instead, the ALJ merely instructed the expert to "assume" that claimant was capable of performing sedentary work.
 
 
 13
 Because the record contains no information whether claimant's nonexertional impairments significantly limit the range of jobs available to him, the ALJ erred in applying the grids conclusively to determine that claimant is not disabled. The cause must therefore be remanded for a determination whether, considering his nonexertional impairments, there remains sufficient work in the national economy that claimant can perform.[1] Our resolution of this issue obviates the need to address claimant's third argument concerning the hypothetical questions posed to the vocational expert.
 
 
 14
 The judgment of the United States District Court for the Eastern District of Oklahoma is VACATED and the cause REMANDED for further proceedings.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Vansickle also argues that the ALJ should have considered the effect of his post traumatic stress disorder and disabling pain as nonexertional impairments. The record contains substantial evidence, however, to support the ALJ's determination that these impairments did not impose significant limitations on the claimant's ability to work