5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andrew Pat GARCIA, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-2238.
 United States Court of Appeals, Tenth Circuit.
 Aug. 26, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,** District Judge.[1]
 
 ORDER AND JUDGMENT[2]
 BALDOCK
 
 2
 Plaintiff-appellant Andrew Pat Garcia appeals from an order upholding the decision of defendant-appellee Donna Shalala, Secretary of Health and Human Services, denying plaintiff's application for disability insurance benefits and supplemental security income. We affirm.
 
 
 3
 Plaintiff applied for benefits, alleging that he became unable to work on May 1, 1989, because of a heart condition. The applications were denied initially and on reconsideration.
 
 
 4
 The following evidence was presented at an evidentiary hearing. Until he had a heart attack in 1984, plaintiff had worked at a meat plant performing heavy labor. He was fired and has unsuccessfully tried to find work ever since.
 
 
 5
 Plaintiff did well medically until March 30, 1989, when he was admitted to the hospital with complaints of chest pain. Tests revealed a single vessel lesion. Plaintiff underwent an angioplasty. He experienced chest pain after the procedure, which was resolved completely on the second day of steroids. He had no other episodes of chest pain. A treadmill test was performed with submaximal performance, and no EKG changes or chest pain. The reporting physician, Dr. Scott Brown, noted that plaintiff would be disabled for some time to come, if not permanently.
 
 
 6
 Plaintiff was admitted to the hospital on May 3, 1989, complaining of chest pain. He was placed on a nitroglycerin drip and quickly became free of pain. A cardiac catheterization was performed. Plaintiff underwent another angioplasty on May 9. Plaintiff remained free of pain during and after the procedure. He was put on a graduated exercise regimen and a diet.
 
 
 7
 Plaintiff was admitted to the hospital again on June 30, 1989, complaining of chest pain. A nitroglycerin drip relieved the pain. A catheterization was performed with an assessment of mild to moderate coronary artery disease. He was discharged with instructions to continue on his medications and low cholesterol no-salt diet.
 
 
 8
 Plaintiff's performance on a treadmill test on September 5, 1989, was submaximal. He exercised for thirty-one minutes, achieving thirteen metabolic equivalent units (METS). He had no changes suggestive of ischemia, no arrhythmias, his response to exercise was normal, and his performance was considered average to high. He was determined to have good exercise tolerance.
 
 
 9
 Plaintiff was again admitted to the hospital on October 25, 1989, complaining of chest pain. On a treadmill test he had no shortness of breath or chest pain. The EKG demonstrated no ischemic changes. He achieved eleven METS. His chest pain later recurred and was relieved by Mylanta. He was discharged in good condition.
 
 
 10
 A consulting physician stated that plaintiff's lifting and carrying, standing and walking, and sitting abilities were not affected by his impairment. He could balance frequently, and climb, stoop, crouch, and crawl occasionally. None of his other physical functions were affected, and his only environmental restriction is that he should avoid temperature extremes.
 
 
 11
 The administrative law judge (ALJ) determined that plaintiff was not disabled. This decision was upheld by the Appeals Council, and affirmed by the district court.
 
 
 12
 The Secretary employs a five-step evaluation sequence for determining whether a claimant is disabled. Ragland v. Shalala, 992 F.2d 1056, 1057 (10th Cir.1993). The ALJ's findings as to the first four steps--that plaintiff has not engaged in substantial gainful activity since May 1, 1989, that plaintiff has a severe impairment, that he does not have a listed impairment, and that he is unable to perform his past relevant work as a meat plant worker--are not at issue. Rather, this appeal concerns step five, "where the burden shifted to the Secretary to establish that, in light of plaintiff's residual functional capacity (RFC), age, education, and work experience, [he] could still perform other jobs existing in significant numbers in the national economy." Id.
 
 
 13
 At step five, the ALJ found that plaintiff has the residual functional capacity to perform the full range of medium work.[3] Then, considering plaintiff's age, education, and work experience, the ALJ relied exclusively on the pertinent medical-vocational guideline (grid), 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 3, to determine that he was not disabled.
 
 
 14
 Plaintiff challenges the sufficiency of the evidence to support the step five finding that he can perform the full range of medium work. We review the record[4] "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991).
 
 
 15
 Plaintiff argues that the ALJ erred in relying on the opinion of the consulting physician rather than on treating physician Dr. Brown's opinion that plaintiff was permanently disabled. "Unless good cause is shown to the contrary, the Secretary must give substantial weight to the testimony of the claimant's treating physician." Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984). The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion. Id. The ALJ noted that pursuant to 20 C.F.R. 404.1527 and 416.927, Dr. Brown's opinion that plaintiff was disabled should be given weight only insofar as it was supported by medical and other evidence. The ALJ concluded that the record as a whole weighed against a finding of disability.
 
 
 16
 None of the other physicians who evaluated plaintiff concluded that he was disabled. The only restrictions placed on him were to follow a prescribed diet. His September 1989 treadmill test results were average to high, with no chest pain, and he also had no chest pain during an October 1989 treadmill test. His chest pain was considered atypical for true angina and was relieved by Mylanta, an antacid. We conclude the ALJ had good cause for not relying on Dr. Brown's opinion.
 
 
 17
 Plaintiff argues that the ALJ's rejection of plaintiff's testimony regarding his limitations cannot constitute substantial evidence that plaintiff can perform the full range of medium work. He further contends that the ALJ improperly shifted the step five burden of proof to plaintiff by relying on the absence of evidence that plaintiff's pain or nonexertional impairments affected his ability to work.
 
 
 18
 We agree that an ALJ's impression that a claimant exaggerated his symptoms, alone, cannot support a finding that the claimant could perform the full range of work at a given RFC level. Talbot v. Heckler, 814 F.2d 1456, 1464 (10th Cir.1987). We also agree that the Secretary cannot meet her burden of proving plaintiff can perform work at a given RFC level by relying on the absence of contraindication in medical records. Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir.1993). Here, however, the RFC assessment supports the finding as to plaintiff's RFC. Further, achieving 10.1 METS on the treadmill test is more than enough evidence that one can perform light work. Moore v. Sullivan, 919 F.2d 901, 904 (5th Cir.1990). Plaintiff achieved thirteen METS. We conclude the Secretary met her step five burden of proof.
 
 
 19
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [3]
 Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. 404.1567, 416.967
 
 
 [4]
 We ordered plaintiff to file a supplemental appendix containing the complete administrative record