83 F.3d 433
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard R. RUSH, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,[1] Defendant-Appellee.
 No. 95-5172.
(D.C.No. 94-C-153-W)
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 ORDER AND JUDGMENT[2]
 Before BRORBY and BARRETT, Circuit Judges, and BRIMMER,*** District Judge.
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Richard Rush appeals from a judgment upholding the Secretary's decision denying his application for disability insurance benefits and supplemental security income. We affirm.
 
 
 3
 Plaintiff received disability benefits between 1980 and 1982. Applications filed in 1984 and 1988 were denied.
 
 
 4
 Plaintiff filed the current application in 1991, alleging he became disabled on December 31, 1987, due to back problems and headaches. His application was denied initially and on reconsideration. Following an evidentiary hearing, an administrative law judge (ALJ) found that plaintiff, a fifty-one year-old with two years of college education, had not engaged in substantial activity since February 15, 1988; had severe impairments of spina bifida, ankylosing spondylitis, and complaints of pain, headaches, and vision deficits, but did not have an impairment or combination thereof that is listed or that is equal to a listed impairment; was unable to perform his past relevant work of youth counselor, convenience store clerk, woodworker, or apartment manager; had a residual functional capacity (RFC) to perform the requirements of work except lifting and carrying no more than ten pounds, no prolonged standing and walking, and an option to occasionally move around; and that there are a significant number of jobs in the national economy that he could perform such as order clerk, record clerk, and general office clerk. The ALJ concluded plaintiff was not disabled; the district court affirmed.
 
 
 5
 We review the Secretary's decision to determine if her findings are supported by substantial evidence and if she applied the correct legal standards. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotations omitted).
 
 
 6
 Plaintiff first contends that the ALJ's assessment of his RFC was not supported by substantial evidence because the ALJ failed to properly credit plaintiff's subjective complaints concerning his neck impairment. Plaintiff testified that what bothers him the most is cervical stiffness and pain. R. Vol. IIA at 95.
 
 
 7
 Dr. Richard Tenney found plaintiff's cervical range of motion to be ten degrees extension, thirty degrees flexion. He noted plaintiff complained of constant severe cervical pain, tenderness, and soreness with marked limitation of range of motion. R. Vol. IIB at 644. An x-ray of the cervical spine taken the next day, while showing hypertrophic spurring suggestive of osteoarthritic involvement, also noted that the intervertebral disc spaces were well maintained, there was no significant loss of vertebral body height, the cervical spine was in good alignment with no fracture or dislocation identified, and the prevertebral soft tissues were within normal limits. Id. at 719.
 
 
 8
 Dr. Robert Grubb found the range of motion in plaintiff's neck to be thirty degrees extension, which is normal. However, flexion was forty degrees, less than half the normal range of ninety degrees. Dr. Grubb also found plaintiff had pain upon range of motion, but he found no nuchal rigidity. Id. at 677-78, 680.
 
 
 9
 In declining to find plaintiff's subjective complaints of neck pain and stiffness credible to the extent alleged, the ALJ found plaintiff's daily activities, which include reading and watching television for several hours a day, to be inconsistent with plaintiff's complaints that cervical pain precluded him from holding his head in one position or in a bent forward position. The ALJ also noted evidence plaintiff had engaged in trimming hedges, playing basketball, and occasional yard work was consistent with at least a sedentary exertional level, if not more. In addition, he found the mild results of the x-ray taken the day after Dr. Tenney's report to be inconsistent with the significant cervical restrictions reported by Dr. Tenney. He noted that Dr. Tenney's report primarily related plaintiff's recitation of complaints.
 
 
 10
 The ALJ also observed that plaintiff's regular treating physician, Dr. Nye, would not support plaintiff's claim that he was disabled. The ALJ followed the rule that the treating physician's opinion is to be given substantial weight unless good cause to the contrary is shown. Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984). The ALJ considered plaintiff's failure to participate in efforts to alleviate his alleged pain, other than using hot water bath therapy and stretching exercises. He was skeptical of plaintiff's claim that he was unable to afford medication or treatment, noting plaintiff's two-pack a day smoking habit. We conclude the ALJ properly analyzed plaintiff's subjective complaints of neck pain and stiffness pursuant to Luna v. Bowen, 834 F.2d 161 (10th Cir.1987). We affirm his finding refusing to credit plaintiff's complaints to the extent alleged.
 
 
 11
 Plaintiff contends there is no affirmative evidence that he can look down for long enough to perform the jobs claimed by the ALJ. To the contrary, the mild results of the x-ray, coupled with Dr. Nye's opinion that he has no evidence to support plaintiff's claim of disability, are adequate to satisfy the Secretary's step-five burden.
 
 
 12
 Plaintiff's final contention is that the finding he retained the RFC to perform a significant number of alternative jobs is not supported by substantial evidence. He challenges the ALJ's failure to include in his hypothetical question to the vocational expert (VE) plaintiff's alleged inability to look down or turn his head from side to side. We agree an ALJ must include in a hypothetical question to a VE "all (and only) those impairments borne out by the evidentiary record." Evans v. Chater, 55 F.3d 530, 532 (10th Cir.1995). However, as noted above, the ALJ rejected plaintiff's claims of neck pain and stiffness, and we find substantial evidence for that determination. Consequently, we find no error in the questioning of the VE.
 
 
 13
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 ***
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation