UNITED STATES COURT OF APPEALS
**Filed 6/4/96**
FOR THE TENTH CIRCUIT

GLENDA H. ISOKARIARI,

Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner,
Social Security Administration,[*]

Defendant-Appellee.

No. 95-5186
(D.C. No. 93-C-960-B)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Glenda H. Isokariari appeals the Secretary's denial of her applications for disability insurance benefits and supplemental security income benefits. The administrative law judge (ALJ) found that claimant could return to her past relevant work as a medical assistant, phlebotomist, nurse's aide, or taxi driver. R. Vol. II at 20-21. Claimant argues that the ALJ failed to give proper consideration to the opinions of her treating physicians, failed to support his psychiatric findings with specific evidence, made erroneous findings regarding her residual functional capacity (RFC), and failed to make the proper comparisons between her past relevant work and her present limitations.

Claimant alleged disability since September 1990 due to back and leg pain and mental problems. She had been injured in an on-the-job accident in June 1990 which resulted in back and leg strain. Id. at 189. After the death of her husband, she began experiencing episodes of anxiety and depression. Id. at 149, 171, 193, 200-01, 227, 244-45.

The ALJ concluded that claimant's chronic lumbar strain constituted a severe impairment, but that the condition did not meet or equal the criteria of the listings for back disorders set forth in Appendix 1, Subpart P, Regulations No. 4. R. Vol. II at 20. Proceeding to step four of the five-step sequential analysis, see Williams v. Bowen, 844 F.2d 748, 750-

52 (10th Cir. 1988)(describing five steps), the ALJ determined that claimant retained the RFC to perform medium work "not requiring frequent bending and stooping," and could, therefore, return to her past relevant work. R. Vol. II at 20-21.

The Secretary's decision is reviewed to determine whether it is supported by substantial evidence and whether correct legal standards were applied. Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 616-17 (10th Cir. 1995). In so doing, "we must meticulously examine the record to determine whether the evidence in support of the Secretary's decision is substantial and take into account whatever in the record fairly detracts from its weight." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994)(quotations omitted). We will reverse the Secretary's decision if there is insufficient evidence that correct legal standards were applied. Cruse, 49 F.3d at 617.

Claimant first argues that the ALJ incorrectly ignored an opinion of Dr. Moore, a treating physician, that she suffers from moderately severe sciatica for which he prescribed the prescription pain-killer, Parafon Forte. R. Vol. II at 233. Substantial weight must be given the opinion of a treating physician unless good cause is shown to disregard it. Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289-90 (10th Cir. 1995). Along with various analytical responsibilities incumbent upon an ALJ who wishes to disregard the opinion of a treating physician, see id. at 290, "[i]f the opinion of the claimant's physician is to be disregarded, specific, legitimate reasons for this action must be set forth," Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984).

In his decision, the ALJ refers only to claimant's diagnosis of back strain. He does not mention Dr. Moore's diagnosis of moderately severe sciatica, much less give any reasons for disregarding it. Such omission is error.

In addition to being error in its own right, the ALJ's failure to deal with Dr. Moore's diagnosis of moderately severe sciatica makes it impossible for us to review the ALJ's credibility determination. The ALJ found claimant not to be credible because he believed her subjective testimony of depression and pain to be "exaggerated, and out of proportion to the medical evidence of record which suggests that the claimant experienced only a slight sprain injury to her right leg and lower back." R. Vol. II at 19. We are left to wonder what effect consideration of a diagnosis of moderately severe sciatica might have had on this credibility determination, but we cannot resolve that question because the ALJ did not document why he disregarded the evidence of sciatica.

Claimant's second point of error relates to a second instance in which the ALJ disregarded an opinion from one of claimant's treating physicians. In his discussion of claimant's mental problems, the ALJ noted that claimant suffers from only minimal depression. Id. at 18. This opinion is from the reports of two of the agency's consultative physicians. See id. at 149, 201. Claimant, however, was also treated at the Associated Centers for Therapy from July 1992 through January 1993 for her mental and emotional problems. The records from that treating source indicate that claimant suffers from major depression. Id. at 245. Again, as with the evidence of the sciatica, the ALJ did not discuss

4

the opinion of this treating physician and why he chose to rely, instead, on the opinions of the consultative examiners. As with the evidence of the sciatica, failure to consider evidence of major depression also may have affected the ALJ's credibility determination.

The final error committed by the ALJ involves his preparation of the Psychiatric Review Technique Form (PRT). Social Security regulations allow the ALJ to complete the PRT with or without the help of a medical advisor. Cruse, 49 F.3d at 617. However, if the ALJ completes the form by himself, as he did here, see R. Vol. II at 18, he must "'discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form.'" Cruse, 49 F.3d at 618 (quoting Washington, 37 F.3d at 1442). Here, the ALJ states merely that:

> The Administrative Law Judge is convinced that the claimant's emotional problems and difficulties have resulted in no greater than slight restriction of activities of daily living and slight difficulty maintaining social functioning. The claimant seldom experiences deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner.

R. Vol. II at 18. This is merely a repetition of the conclusions the ALJ documented on the PRT. It does not discuss the evidence of claimant's mental problems nor does it discuss how that evidence is support for his conclusions. See Cruse, 49 F.3d at 618. "[A]dministrative agencies must give reasons for their decisions." Reyes v. Bowen, 845 F.2d 242, 244 (10th Cir. 1988). Merely announcing a conclusion but not the reason for it is error. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

5

Because the ALJ did not give any reasons for disregarding the opinions of claimant's treating physicians regarding her moderately severe sciatica and the level of her depression, we must remand. On remand, the ALJ must also discuss the evidence he relied on in completing the PRT, should he choose to do so again without the assistance of a medical advisor. Our remand in this case is limited to making the express findings identified in this paragraph. We do not require any result. This remand "simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case." Kepler, 68 F.3d at 392 (quotation omitted).

Because we are remanding this case on two narrow issues, we address claimant's remaining arguments. She first asserts that the ALJ failed to make the proper comparisons between the demands of her past relevant work and her present limitations. We find no merit in this argument. The ALJ inquired of claimant at the hearing about the demands of her medical assistant job, R. Vol. II at 70-71, and elicited testimony from the vocational expert sufficient to inform him of the demands of the other jobs he considered. Additionally, he discussed claimant's bending and stooping limitations with the vocational expert in sufficient detail to satisfy the step four analysis as described in Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993).

The ALJ determined that claimant could do medium work not requiring frequent bending and stooping. Claimant's argument that this conclusion is internally inconsistent is without merit. Claimant is basically arguing that an applicant must be able to do a full range

6

of a particular work category or be found unable to do any at all--an all or nothing approach. This is not the law.

A finding that a claimant cannot do the full range of work in a particular exertional category has analytical implications for the determination process. For instance, if residual functional capacity is limited by some type of nonexertional limitation, the grids may only be used as a framework to determine whether sufficient jobs exist that are within the claimant's capabilities. Huston v. Bowen, 838 F.2d 1125, 1131 (10th Cir. 1988). In that instance, resort to testimony from a vocational expert aids the ALJ in determining whether substantially all the jobs in a particular category can accommodate a particular restriction. See Talbot v. Heckler, 814 F.2d 1456, 1465 (10th Cir. 1987). As long as an ALJ acquires the additional evidence of the effect of a specific limitation on a claimant's ability to do a particular range of work, there is nothing inconsistent about finding someone capable of performing at a particular exertional level but with certain restrictions.

We REVERSE the judgment of the district court and REMAND this case with instructions to remand the case to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge

7