**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BERNARD G. SCHMITZ,

     Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security, *

     Defendant-Appellee.

No. 97-3264
(D.C. No. 96-2118-GTV)
(D. Kan.)

**ORDER AND JUDGMENT** **

Before **BRORBY** , **BARRETT** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     Pursuant to Fed. R. App. P. 43(c)(1), Kenneth S. Apfel is substituted for
former Acting Commissioner John J. Callahan as the defendant-appellee in this
appeal.

**     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's affirmance of the Commissioner's denial of old age social security benefits.  See Schmitz v. Callahan, 973 F. Supp. 1021 (D. Kan. 1997).  As in the district court, plaintiff argues that (1) his compensation for agricultural labor paid in the form of farm commodities is not earnings under the earnings test and therefore is not deductible from his social security benefits, and (2) the Commissioner improperly ignored his financial arrangements and applied the noncash compensation to reduce his benefits. We affirm.

We apply the same standards of review to the Commissioner's decision as the district court applied.  The Commissioner's findings of fact are conclusive if they are supported by substantial evidence.  See 42 U.S.C. § 405(g).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Such limited review does not apply to questions of law, however.  See Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984).  "Failure to apply the correct legal standard . . . is grounds for reversal."  Id. (quotation omitted).

The district court thoroughly evaluated and properly rejected plaintiff's arguments under the proper standards of review.  We AFFIRM for substantially the reasons stated by the district court in its opinion,     see Schmitz , 973 F. Supp. 1021.

Entered for the Court


James E. Barrett
Senior Circuit Judge