**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ELZORA BROWN,

  Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

  Defendant-Appellee.

No. 05-5143
(D.C. No. 04-CV-485-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

  Elzora Brown appeals a district court's order affirming the decision of the

Commissioner of Social Security to deny her application for social security

disability benefits. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

§ 405(g), and **REVERSE** the district court and **REMAND** for further proceedings.

Brown applied for disability insurance benefits and supplemental security income payments due to pain in her neck, shoulders, back and legs, headaches, chronic fatigue syndrome, fibromyalgia, asthma, and depression. Brown's request for disability benefits was denied. After a hearing, an Administrative Law Judge (ALJ) affirmed the denial of benefits and the Appeals Council ultimately denied her request for review. Brown filed this action in federal court, seeking review of the Commissioner's decision. The district court dismissed her complaint because it found that the ALJ's decision was supported by substantial evidence in the record. Brown now appeals this decision.

We review the Commissioner's decision to determine "whether [her] findings are supported by substantial evidence in the record and whether [she] applied the correct legal standards." Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir. 1991). The "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted).

The Secretary has established a five-step sequential evaluation for determining whether an applicant is disabled. 20 C.F.R. §§ 404.1520. As we explained in Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005):

Step one requires a claimant to establish she is not engaged in substantial gainful activity. Step two requires the claimant to establish she has a medically severe impairment or combination of impairments. Step three asks whether any medically severe impairment, alone or in combination with other impairments, is equivalent to any of a number of listed impairments so severe as to preclude substantial gainful employment. If listed, the impairment is conclusively presumed disabling. If unlisted, the claimant must establish at step four that her impairment prevents her from performing work she has previously performed. If the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience.

(citations and quotations omitted). In this case, the ALJ reached step four, concluding that Brown could return to her past relevant work as a housekeeper, fast food worker, and newspaper assembler. On appeal, Brown argues that, although the ALJ determined that Brown did suffer from the medically severe impairments of obesity and post-cervical diskectomy at step two, he wrongly concluded that her fibromyalgia was not a severe impairment. This, she argues, is reversible error and infected the rest of the ALJ's analysis.

In step two of the sequential evaluation process, the claimant bears the burden of making "a threshold showing that [her] medically determinable impairment or combination of impairments significantly limits [her] ability to do basic work activities." Williams v. Bowen, 844 F.2d 748, 752 (10th Cir. 1988). The step two determination is based on medical factors alone. Id. at 750. The

-3-

claimant must make a "de minimis showing of medical severity" or the evaluation process ends, and benefits are denied. Id. at 751.

Although the ALJ determined that Brown has post-cervical diskectomy and obesity which are severe impairments, he refused to accord severe-impairment status to Brown's diagnosed fibromyalgia because the condition had been identified only seven months prior to the ALJ's decision. The ALJ wrongly excluded Brown's fibromyalgia on the ground that the condition had not met the 12 month duration test at the time of hearing to be considered a severe impairment. This is contrary to the statute, which defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1) (emphasis added). Thus, Brown's fibromyalgia need not have lasted for twelve months prior to the hearing, as long as it could be expected to last for at least another five months after the hearing. The ALJ clearly erred in failing to properly apply 42 U.S.C. § 423(d)(1).

The district court excused this error on the ground that it was harmless. For us to conclude that error in a disability hearing is harmless, it must be clear that, had the ALJ considered the appropriate material – here the medical evidence of fibromyalgia – "no reasonable administrative factfinder, following the correct

analysis, could have resolved the factual matter in any other way." Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

The ALJ's legal error was not harmless. Based on our review of the record, we cannot conclusively say that no reasonable administrative fact-finder would have found that Brown's fibromyalgia could be expected to last more than twelve months. Further, a reasonable administrative fact-finder could find that her fibromyalgia was a severe medical impairment.[1]

---

[1]     Fibromyalgia, previously called fibrositis, is "a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments and other tissue." Benecke v. Barnhart, 379 F.3d 587, 589 (9th Cir. 2004). It is a chronic condition, causing "long-term but variable levels of muscle and joint pain, stiffness and fatigue." Brosnahan v. Barnhart, 336 F.3d 671, 672 n.1 (8th Cir. 2003). The disease is "poorly-understood within much of the medical community [and] . . . is diagnosed entirely on the basis of patients' reports and other symptoms." Benecke, 378 F.3d at 590. Clinical signs and symptoms supporting a diagnosis of fibromyalgia under the American College of Rheumatology Guidelines include "primarily widespread pain in all four quadrants of the body and at least 11 of the 18 specified tender points on the body." Green-Younger v. Barnhart, 335 F.3d 99, 107 (2d Cir. 2003). Fibromyalgia can be disabling. Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998).

What makes fibromyalgia difficult to analyze in the social security disability context is the lack of objective symptoms:

Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are pain all over, fatigue, disturbed sleep, stiffness, and–the only symptom that discriminates between it and other diseases of a rheumatic character–multiple tender spots, more precisely 18 fixed locations on the body (and the

(continued...)

-5-

The ALJ's failure to consider Brown's fibromyalgia impaired his analysis at step three and step four. He did not take Brown's possibly severe fibromyalgia into account when determining Brown's residual functional capacity or whether her severe impairments, alone or in combination with other impairments, were equivalent to any of a number of listed impairments so severe as to preclude substantial gainful employment. Further, the ALJ's determination that Brown was not totally credible with respect to her physical limitations is made problematic by his refusal to consider her fibromyalgia. As support for finding Brown not entirely credible, the ALJ identified evidence that Brown had full muscle strength in her arms and legs and exhibited only mild abnormalities from various diagnostic tests. However, normal muscle strength and a lack of results from objective laboratory tests for the presence or severity of fibromyalgia do not rule out the possible existence of the condition. Green-Younger, 335 F.3d at 109. The mere fact that fibromyalgia cannot be "conclusively diagnosed in a laboratory setting" does not exclude it from coverage per se. Sisco v. U. S. Dep't of Health

---

[1](...continued)
        rule of thumb is that the patient must have at least 11 of them to be
        diagnosed as having fibromyalgia) that when pressed firmly cause
        the patient to flinch.

Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996). Of course, the difficulty of analyzing the effect of fibromyalgia is not reason to ignore its presence. On remand, the subjective symptoms of fibromyalgia must be considered. Green-Younger, 335 F.3d at 109.

& Human Servs., 10 F.3d 739, 744 (10th Cir. 1993) (discussing claimant's chronic fatigue syndrome).  Upon remand, Brown's credibility must be reassessed in light of all the evidence in the record possibly supporting the existence of fibromyalgia as a disabling impairment.

The decision of the district court is **REVERSED** and this case is **REMANDED** to that court with instructions to remand the case to the Commissioner for further proceedings.

Entered for the Court


Carlos F. Lucero
Circuit Judge