**Maria B. NIETO, Plaintiff-Appellant,**

**v.**

**Margaret M. HECKLER, Secretary of Department of Health and Human Services, Defendant-Appellee.**

**No. 84–1356.**

United States Court of Appeals, Tenth Circuit.

Dec. 12, 1984.

James C. Ellis, Albuquerque, N.M., for plaintiff-appellant.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., William L. Lutz, U.S. Atty., Ronald F. Ross, Asst. U.S. Atty., D. N.M., Walter E. McCabe, Atty., Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a), Tenth Circuit R. 10(e). The cause is therefore submitted without oral argument.

The issue in this case is whether the decision of the Secretary of Health and Human Services that the plaintiff is not disabled is supported by substantial evidence.

Plaintiff filed claims for disability benefits in 1979 and 1980 alleging that she was unable to work due to arthritis. Her claims were denied. At plaintiff's request, a hearing was held before an administrative law judge who determined, on the basis of the evidence presented and his observations of the plaintiff, that she was disabled. The administrative law judge held further hearings after the Appeals Council remanded the case because of an error of law, and again determined that plaintiff was entitled to disability benefits commencing November 11, 1977. The Appeals

Council rejected the recommended decision. Although the council found that plaintiff suffers from arthritis, hypertension and obesity, it found these conditions not to be disabling. The district court affirmed.

The Secretary's decision must be affirmed if it is supported by substantial evidence. *Cagle v. Califano*, 638 F.2d 219 (10th Cir.1981). Substantial evidence is "more than a mere scintilla. It is such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). In determining whether the evidence in support of the Secretary's decision is substantial, we must take into account whatever in the record fairly detracts from its weight. *Universal Camera v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951).

The Social Security Act defines disability as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted ... for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A) (1983). The evidence clearly demonstrates, and the Appeals Council does not deny, that plaintiff suffers from arthritis of the spine and knee and from hypertension, both aggravated by her weight. The disagreement is over the degree to which she is disabled by these conditions.

Plaintiff's primary complaint is one of disabling pain due to her arthritis. The Appeals Council, stating that pain is not disabling unless "clinical and laboratory data" establish findings that may reasonably account for the pain, rejected plaintiff's allegations. Record, vol. 2, at 11. The Council found that "the limited findings regarding [plaintiff's] arthritic condition ... fail to substantiate her allegations of totally disabling pain." *Id.* In reaching its conclusion, the Council focused exclusively on the objective results of diagnostic tests, including the degree to which plaintiff could bend and flex and the degree of thinning of joint space as demonstrated by the X-rays. In ignoring the subjective element of pain, even if unsubstantiated by objective medical evidence, the Council abused its discretion. *Celebreeze v. Warren*, 339 F.2d 833 (10th Cir.1964). Subjective pain must be evaluated with due consideration for credibility, motivation, and medical evidence. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir.1984).

In the present case, the allegations of pain are supported by medical evidence. Arthritis is known to be a painful disorder. Plaintiff's treating physician and one of the defendant's consulting physicians concluded that plaintiff is totally disabled by arthritic pain.[*] Dr. Rosenbaum, who has treated the plaintiff since 1976, reported that she suffers from loss of lumbo-sacral flexion, marked restriction in cervical rotation and generalized pain due to her arthritis. He concluded that she is unable to perform any meaningful work and that her disability is permanent. Dr. Scialla, who examined the plaintiff for the defendant in 1978, agreed that she suffers from arthritis and concluded that "it would be very difficult for her to perform productive work on an eight hour basis even at a sedentary level." Record, vol. 2, at 185.

The Council rejected these opinions as unsupported by the clinical findings. Yet a medical finding of disability is not based solely on objective test results. It includes an evaluation of the patient's medical history and the physician's observations of the patient, and necessarily involves an evaluation of the credibility of the patient's subjective complaints of pain. A medical opinion based on all of these factors is medical evidence supporting a claim of disabling pain, even if the objective test results, taken alone, do not fully

---

[*] Neither Dr. Rosenbaum nor Dr. Scialla explicitly stated that plaintiff is disabled by *pain* caused by arthritis. However, since plaintiff's complaint to them was one of pain, their determinations of disability implicitly include determinations of disabling pain.

substantiate the claim. The Council abused its discretion by rejecting the opinions solely on the basis of the objective test results.

There is no evidence in the record to support a rejection of the physicians' findings of disabling pain. Plaintiff has been receiving treatment for arthritic pain for eight years, and continues to see her doctor once a month. There is evidence in the record that she walks with a cane, had to be helped into the hearing room, and could only sit for short periods of time during the hearing. None of the physicians who examined her rejected her complaints of pain as unfounded. Even Dr. Gelinas, on whom the Council relied, found that the plaintiff suffers from chronic back and knee pain and cannot do any work that requires standing or walking. His conclusion that she could "possibly" do work which allowed her to sit is not substantial evidence for a finding of nondisability when considered in light of the other evidence in the record.

█ The administrative law judge, who saw the plaintiff and heard her testimony, found her complaints of pain to be credible and recommended that she be granted disability benefits. While the administrative law judge's determination of credibility is not binding on the Council, it is a factor which must be considered in determining whether the decision is supported by substantial evidence. As the Supreme Court has stated, "evidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's than when he has reached the same conclusion." *Universal Camera v. NLRB*, 340 U.S. 474, 496, 71 S.Ct. 456, 468, 95 L.Ed. 456 (1951). Considering the record as a whole, we find that the Secretary's decision is not supported by substantial evidence.

Reversed and remanded to the Secretary with instructions to grant plaintiff Social Security Disability benefits from November 11, 1977.