992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joyce L. JACKSON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health & Human
Services, Defendant-Appellee.
 No. 92-5126.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1993.
 
 Before McKAY, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Joyce L. Jackson appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny claimant's application for social security disability benefits under 42 U.S.C. §§ 416(i) and 423 of the Social Security Act. We affirm.
 
 I. Background
 
 3
 Claimant filed her application for social security benefits on August 5, 1987, claiming disability as of April 19, 1987. On that date, claimant suffered fractures of her jaw and left heel, as well as other lacerations and abrasions to her face, when an apartment house balcony on which she was standing collapsed.
 
 
 4
 Claimant is a forty-seven year old woman with one and one-half years of college education. At the time of the accident, claimant was employed by the Oklahoma Natural Gas Company (ONGC) as a receptionist. She had been employed by the ONGC for approximately fifteen years, working as a mail clerk prior to the receptionist position.
 
 
 5
 Claimant's initial application for benefits was denied. On review, the Appeals Council remanded her case to an Administrative Law Judge (ALJ) for clarification of the medical opinion of her treating physician, claimant's work history, and, if necessary, to obtain further medical testimony regarding the nature and extent of claimant's impairments. Following a hearing, the ALJ again denied benefits, finding claimant capable of performing a full range of sedentary work. The Appeals Council denied claimant's request for further review of the decision.
 
 
 6
 Claimant filed a complaint in the United States District Court for the Northern District of Oklahoma under 42 U.S.C. § 405(g). A magistrate judge submitted findings and recommended that the decision of the Secretary be affirmed. The district court agreed and adopted the magistrate judge's findings and recommendation. Claimant appeals this decision.
 
 II. Standard of Review
 
 7
 Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and "whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). In order to determine whether the Secretary's decision is supported by substantial evidence, we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 III. Discussion
 
 8
 On appeal, claimant contends that (1) the ALJ failed to properly apply the social security regulations to his decision that claimant does not have an impairment or combination of impairments which meet or are equal to the one listed in 20 C.F.R. Pt. 404, Subpt.P., App. 1, § 1.03; (2) the vocational expert misconstrued and mischaracterized the evidence as to claimant's past work and her present capability for work; and (3) the ALJ failed to properly consider claimant's subjective complaints of pain.[1]
 
 
 9
 In order to determine whether a claimant is under a disability, the Secretary applies a five-step process. 20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (providing an in-depth discussion of the five steps). If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). At step five of the process, once the Secretary has determined that a claimant cannot return to past relevant work, the Secretary must prove that the claimant can perform alternate jobs available in the national economy. Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 776 (10th Cir.1990).
 
 
 10
 Claimant argues that her treating physician, Dr. Thomas Mayberry, found her heel injury equal in severity to that listed in section 1.03, which makes her disabled per se.[2] However, it appears that Dr. Mayberry's conclusion was of some concern to the Appeals Council. The Appeals Council found this opinion to be unsupported by any rationale and in conflict with Dr. Mayberry's statement in the same report that claimant could perform sedentary work. Appellant's App., Vol. II at 32. On remand, the Appeals Council directed the ALJ to contact Dr. Mayberry for clarification of this report. Id.
 
 
 11
 The ALJ's decision indicates that he attempted to comply with this directive by corresponding with claimant's attorney, requesting clarification from Dr. Mayberry, and also requesting that Dr. Mayberry provide a functional assessment of claimant's ability to do work-related activities. Id. at 12, 143. Dr. Mayberry did not provide the ALJ with the requested rationale for his conclusion regarding the severity of claimant's impairment. Id. at 12. Although Dr. Mayberry completed the Medical Assessment of Ability to Do Work-Related Activities (Physical) on May 1, 1989, this form was not provided to the ALJ until June 12, 1989, three weeks after the supplemental hearing held on May 4, 1989. Id. at 152. Despite its untimeliness, the ALJ considered the assessment in his decision.
 
 
 12
 At the hearing, claimant appeared and testified. The ALJ also heard the testimony of a vocational expert. Although claimant bases her argument on her perception that the remark by Dr. Mayberry that claimant could do sedentary work was "immaterial and irrelevant," she did not provide the necessary requested clarification of the contradiction between this evaluation and Dr. Mayberry's conclusion that claimant's impairment met Listing 1.03. Appellant's Br. at 10.
 
 
 13
 The ALJ found that claimant was not engaged in any gainful work activity. He further concluded that claimant, because of her heel injury, has a severe impairment which would limit or preclude her from performing certain work-related activities. These first two steps of the evaluation process are not in dispute. However, at step three of the evaluation process, the ALJ concluded that the severity of claimant's impairment does not meet Listing 1.03. This finding discounts the opinion of claimant's treating physician. Appellant's App., Vol. II at 136.
 
 
 14
 We are cognizant of this court's position that the Secretary must give substantial weight to the opinion of a claimant's treating physician. Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987). A treating physician's opinion may be disregarded "if it is brief, conclusory, and unsupported by medical evidence." Id. However, " '[i]f the opinion of the claimant's physician is to be disregarded, specific, legitimate reasons for this action must be set forth.' " Id. (quoting Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984)).
 
 
 15
 Dr. Mayberry, in his September 20, 1988, report regarding claimant's injury, stated that claimant may develop traumatic arthritis. Appellant's App., Vol. II at 136. This possibility is also noted by Dr. Mayberry in his medical record the last time he examined claimant in February, 1988. At that time, he opined that claimant could develop "subtalar arthrosis" in the heel area. Id. at 120. In this same notation, Dr. Mayberry stated that claimant, although possibly requiring some retraining, could certainly engage in work activities which did not involve standing or climbing of stairs. Id.
 
 
 16
 Although claimant takes issue with Dr. Mayberry's statement that she could do sedentary work, she asks that his statement that her condition equals a listing be accepted. It appears that claimant wishes to pick and choose as to which of the physician's opinions are acceptable. On one hand, she states with conviction that the ALJ erred in not giving substantial weight to the findings of the treating physician, while on the other she argues that Dr. Mayberry's "immaterial and irrelevant" remark that claimant could do sedentary work should be ignored. Appellant's Br. at 10.
 
 
 17
 The ALJ mentioned in his decision that two social security physicians had evaluated claimant's medical evidence and concluded claimant does not have an impairment or combination of impairments which meet or are equal to an impairment listed in Appendix 1. Appellant's App., Vol. II at 14. However, the record does not indicate that the ALJ relied on these opinions in arriving at his decision. Dr. Mayberry's opinion was not supported by any rationale or documentation, even after the ALJ specifically requested this kind of clarification. Dr. Mayberry concluded, during his last examination of claimant, that the heel fracture was solid and well healed, while offering his opinion that she may develop traumatic arthritis in the future. However, the x-rays taken of claimant's injury the last time she was seen by Dr. Mayberry in February 1988, did not show any evidence of arthritis.
 
 
 18
 In evaluating claimant's impairment, the ALJ expressed specific and legitimate reasons for rejecting this opinion of the treating physician. Our review of the record indicates that those reasons are not in error.
 
 
 19
 Next, claimant argues that even if her impairment did not meet or equal the listing, she should be found disabled because her nonexertional impairment of pain prevents her from performing a full range of sedentary work on a sustained basis. Claimant complains that her foot swells and is extremely painful, and she must constantly keep it elevated in a recliner in order to obtain relief. Claimant's complaints are the only indications in the record that suggest that she suffers swelling to this extent. Dr. Mayberry's notes following examination of claimant on December 23, 1987, and February 26, 1988, did not indicate the existence of any present swelling or that claimant complained of swelling. Appellant's App., Vol. II at 120.
 
 
 20
 Dr. Mayberry suggested that claimant avoid excessive standing or stair climbing, id. at 136, but on the Medical Assessment of Ability to Do Work-Related Activities (Physical), he opined that she could stand or walk three to four hours in an eight-hour day with interruption after one hour. Id. at 152. He stated that "[p]rolonged sitting may result in foot swelling," but further suggested that she could sit six to eight hours in an eight hour day with interruption every two to four hours. Id. at 153.
 
 
 21
 Claimant's past relevant work was as a receptionist and, before that, a mail clerk. However, she characterized her receptionist job as requiring a great deal of walking. Therefore, although the ALJ did not fully agree, he deferred to the vocational expert who testified that, as claimant characterized the duties of the job, she probably could not return to her past relevant work.
 
 
 22
 The vocational expert testified that sedentary jobs as a receptionist, as performed in the national economy, and as an order caller were available in large numbers to claimant, and these jobs would probably allow her to sit with her foot extended. Id. at 63-64. Claimant argues that she could not perform these jobs because she has to keep her foot and leg constantly elevated in a recliner. Despite claimant's insistence, we fail to see why sitting in a recliner is the only acceptable method of elevation. As previously discussed, the medical evidence does not support claimant's contention of constant swelling. Therefore, the ALJ's reliance on the vocational expert's interpretation of the evidence was not in error.
 
 
 23
 Finally, claimant argues that the ALJ failed to adequately evaluate her complaints of pain. In considering claimant's allegations of pain, the ALJ determined that, while claimant may have occasional discomfort, her complaints of disabling pain are not credible. Claimant argues that the effect of her pain should have been evaluated pursuant to Luna v. Bowen, 834 F.2d 161 (10th Cir.1987). In Luna, this court outlined the factors to be considered in evaluating the existence of disabling pain.
 
 
 24
 In previous cases, we have recognized numerous factors in addition to medical test results that agency decision makers should consider when determining the credibility of subjective claims of pain greater than that usually associated with a particular impairment. For example, we have noted a claimant's persistent attempts to find relief for his pain and his willingness to try any treatment prescribed, regular use of crutches or a cane, regular contact with a doctor, and the possibility that psychological disorders combine with physical problems.
 
 
 25
 Id. at 165-66.
 
 
 26
 It is undisputed that claimant's injury is an impairment capable of producing pain. However, we now inquire as to whether the impairment can be expected to produce the severity of pain of which claimant complains. In this case, the weight of the evidence simply does not support claimant's assertions of disabling pain.
 
 
 27
 The record indicates that the ALJ thoroughly considered and evaluated claimant's allegations of pain. The ALJ found that claimant had never complained of severe pain to her treating physicians; that she had never requested or received any medication for pain; and, that she had never requested or received any medical treatment for pain. Appellant's App., Vol. II at 24. Subjective allegations of pain "must be evaluated with due consideration for credibility, motivation, and medical evidence." Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir.1984).
 
 
 28
 The ALJ further questioned claimant's credibility because of certain statements she made regarding being "down and out" and unable to pay her medical bills. Appellant's App., Vol. II at 105-06. The ALJ noted that, on the contrary, her present income from her long-term disability from her employer and a lifetime annuity realized from a lawsuit against the apartment complex where she was injured amount to more yearly income than she has ever earned in the past. Id. at 23. Also, the lawsuit provided for payment of claimant's medical bills. Id. As the ALJ noted, these statements negatively impact claimant's credibility and, if claimant were to return to work, she would probably suffer a loss of some of this income, thus her motivation to return to work is obviously diminished. Id. at 24.
 
 
 29
 Although the medical reports support the presence of some pain, the evidence is just not sufficient to support claimant's allegations of disability. We therefore conclude there is sufficient evidence to support the ALJ's determination that claimant's allegations of disabling pain are not wholly credible. See Williams, 844 F.2d at 755 (holding that the ALJ's determination of credibility is afforded deference on review).
 
 
 30
 In an extremely complete and comprehensive decision, the ALJ determined that, although claimant could not return to her past relevant work as she described it, she was capable of a full range of sedentary work activities. Claimant's arguments on appeal ask us to reweigh the evidence; this we cannot do. Casias, 933 F.2d at 800. After thorough review of the record, we conclude that substantial evidence supports the ALJ's determination that claimant is not disabled within the meaning of the Social Security Act. Therefore, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 At the hearing before the ALJ, claimant also argued that she suffers from hypopituitarism, resulting in weakness and fatigue, stress and panic attacks, and problems with her ability to talk due to her jaw injury. The ALJ found that these complaints were not substantially supported by the record. Claimant does not raise these issues on appeal
 
 
 [2]
 Section 1.03 states in part:
 
 
 [1]
 03 Arthritis of a major weight-bearing joint (due to any cause) :
 With history of persistent joint pain and stiffness with signs of marked limitation of motion or abnormal motion of the affected joint on current physical examination.