43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Estate of Wanda M. SHAHAN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-7014.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and SAM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff, the Estate of Wanda M. Shahan, appeals the district court's affirmance of the decision of the Secretary of Health and Human Services denying social security disability benefits.[2] The Secretary found that Ms. Shahan could return to her past relevant work and, therefore, was not disabled. On appeal, plaintiff primarily contends the Secretary failed to adequately consider Ms. Shahan's disabling pain. Also, plaintiff argues that there is not substantial evidence to support the Secretary's decision that Ms. Shahan was not disabled. We affirm.
 
 
 4
 We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). Because "[s]ubstantiality of evidence must be based upon the record taken as a whole," Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir.1983), we must "meticulously examine the record," id. at 414, to determine whether the evidence in support of the Secretary's decision is substantial and "take into account whatever in the record fairly detracts from its weight," Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir.1984). " 'Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.' " Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984)(quoting Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir.1983)).
 
 
 5
 Washington v. Shalala, 37 F.3d 1437, 1439-40 (10th Cir.1994).
 
 
 6
 The Secretary applies a five-step inquiry to determine whether a claimant is disabled. See 20 C.F.R. 404.1520. In this case, the Secretary terminated review at step four, concluding Ms. Shahan was not disabled because she could return to her past relevant work as a first aid attendant. See id. at 404.1520(e). Plaintiff argues Ms. Shahan proved she was disabled and could not return to her past relevant work, "based primarily on disabling pain." Appellant's Br. at 5.
 
 
 7
 In evaluating complaints of disabling pain, this court considers (1) whether Ms. Shahan proved by objective medical evidence an impairment causing pain; (2) whether there was a nexus between the impairment and her subjective complaints of pain; and (3) considering all evidence, whether the pain was disabling. See Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir.1992). The ALJ determined Ms. Shahan's complaints of pain lacked credibility and her pain was not disabling. After reviewing the transcript of administrative proceedings, we conclude the Secretary correctly determined that Ms. Shahan did not suffer from disabling pain.
 
 
 8
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Ms. Shahan died while her appeal was pending in the district court. Due to her death, plaintiff may not and does not continue to assert claims for supplemental security income benefits. See 42 U.S.C. 1383(b)(1)(A)(i) and (ii); 20 C.F.R. 416.542(b)