46 F.3d 1153
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Virginia WEILAND, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES of the United States,
Donna E. Shalala, Defendant-Appellee.
 No. 94-3080.
 United States Court of Appeals, Tenth Circuit.
 Jan. 31, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's affirmance of the decision of the Secretary of Health and Human Services denying social security disability benefits. The Secretary found that plaintiff could return to her past relevant work as a secretary and, therefore, was not disabled. On appeal, plaintiff argues that there is not substantial evidence to support the Secretary's decision. We affirm.
 
 
 3
 We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). Because "[s]ubstantiality of evidence must be based upon the record taken as a whole," Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir.1983), we must "meticulously examine the record," id. at 414, to determine whether the evidence in support of the Secretary's decision is substantial and "take into account whatever in the record fairly detracts from its weight," Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir.1984). " 'Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.' " Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984)(quoting Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir.1983)).
 
 
 4
 Washington v. Shalala, 37 F.3d 1437, 1439-40 (10th Cir.1994).
 
 
 5
 The Secretary applies a five-step inquiry to determine whether a claimant is disabled. See 20 C.F.R. 404.1520; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(describing five steps in detail). In this case, the Secretary terminated review at step four, concluding plaintiff was not disabled because she could return to past relevant work. See 20 C.F.R. 404.1520(e).
 
 
 6
 In arguing that there was not substantial evidence to support the Secretary's decision, plaintiff first asserts that the administrative law judge (ALJ) failed to fully develop the record. Plaintiff maintains that the ALJ failed to question her regarding her need to lie down after thirty minutes of sitting or her endurance or the frequency with which she did housework.
 
 
 7
 Although the claimant has the burden of providing medical evidence proving disability, the ALJ has a duty of inquiry to fully and fairly develop the record concerning material matters. Baca v. Department of Health & Human Servs., 5 F.3d 476, 479-80 (10th Cir.1993). The ALJ's duty to develop the record is heightened when, as here, the plaintiff is unrepresented in the hearing before the ALJ. Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992).
 
 
 8
 The administrative record shows that the ALJ fulfilled his duty by asking questions concerning the nature of plaintiff's alleged impairments, the treatment and medications she receives, and the impact of the impairments on her daily activities. See id. at 1375. Plaintiff did not indicate during the hearing that she needed to lie down after thirty minutes of sitting; rather, she stated that she needed to walk. The ALJ asked questions intended to elicit plaintiff's endurance. Although he did not specifically ask about the frequency with which she performed housework, it can be assumed she performed housework regularly.
 
 
 9
 Plaintiff next contends that the hypothetical question presented to the vocational expert did not precisely set forth her impairments. According to plaintiff, the question wrongly assumed that she no longer had problems with vomiting and nausea. No evidence was presented that nausea and vomiting were significant problems that would affect her employability. Moreover, plaintiff described the nausea and vomiting as infrequent.
 
 
 10
 Also, plaintiff argues that the hypothetical assumed she could alternate sitting and standing, which is not permitted for sedentary work. Although sedentary work primarily requires sitting, see 20 C.F.R. 404.1567(a), the hypothetical question addressed plaintiff's ability to do her prior work. The vocational expert stated that plaintiff could do her prior secretarial work, sedentary work amendable to a sitstand option.
 
 
 11
 Plaintiff contends that the ALJ did not properly evaluate her complaints of pain. In evaluating complaints of disabling pain, this court considers (1) whether plaintiff proved by objective medical evidence an impairment causing her pain; (2) whether there was a nexus between the impairment and her subjective complaints of pain; and (3) considering all evidence, whether the pain was disabling. See Musgrave, 966 F.2d at 1376. Upon consideration of the administrative record, we conclude that the first two considerations were met, but there was not evidence to establish that plaintiff's pain was disabling.[2]
 
 
 12
 Plaintiff finally argues that the ALJ did not give substantial weight to the reports of her treating physicians. It is settled, unless good cause is shown to the contrary, that the Secretary must give substantial weight to the plaintiff's treating physicians. Washington, 37 F.3d at 1440. Nothing in the administrative record indicates that the ALJ did not give substantial weight to the reports of plaintiff's physicians, none of whom indicated she was disabled.
 
 
 13
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff contends the ALJ erred in citing Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984), when evaluating her complaints of pain. Although we recognize that Polaski is not a Tenth Circuit case, the standards applied by the ALJ were similar to the standards set forth by this circuit in Luna v. Bowen, 834 F.2d 161 (10th Cir.1987)