**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 11 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JUDY K. CORBER,

      Plaintiff-Appellant,

v.

LARRY G. MASSANARI,[*] Acting
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 00-3390
(D.C. No. 99-CV-4097-DES)
(D. Kan.)

---

**ORDER AND JUDGMENT** [**]

---

Before **TACHA** , Chief Judge,  **BALDOCK** , Circuit Judge, and  **BRORBY** ,
Senior Circuit Judge.

---

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     On March 29, 2001, Larry G. Massanari became the Acting Commissioner
of Social Security.  In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Massanari is substituted for Kenneth S. Apfel as the
appellee in this action.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Claimant Judy K. Corber appeals from a memorandum and order of the district court affirming the Commissioner's denial of her applications for supplemental security income benefits and for disability benefits under the Social Security Act. We affirm.

Mrs. Corber filed her applications alleging disability beginning February 15, 1995, due to depression, high blood pressure, and back and leg pain. An administrative law judge (ALJ) determined she had several severe impairments, as that term is defined in the regulations, but that those impairments, whether considered singly or in combination, did not rise to the level of a listed, or a conclusively disabling impairment. After reviewing the evidence and medical record, the ALJ then found that Mrs. Corber did not meet her burden of demonstrating she was unable to perform her past relevant work, namely, that of a retail sales clerk. Therefore, the ALJ concluded that Mrs. Corber was not disabled under step four of the Commission's five-step sequential process for determining disability. *See Williams v. Bowen,* 844 F.2d 748, 750-51 (10th Cir. 1988) (setting out process).

Mrs. Corber sought review by the Appeals Council on September 2, 1998. Subsequently, Mrs. Corber's attorney submitted additional evidence to the

Appeals Council, which included a letter from Dr. P. L. Duniven dated August 14, 1997, reporting findings made from an M.R.I. performed on Mrs. Corber. While dated prior to the date of the ALJ's decision (August 24, 1998), the M.R.I. report was not before the ALJ at the time of his decision.

The Appeals Council denied Mrs. Corber's request for review on July 28, 1999, and she sought further review from the United States District Court for the District of Kansas, alleging several errors at the administrative level. After an independent review of the entire record, the district court affirmed the ALJ's decision, finding it was supported by substantial evidence. This appeal followed.

We review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence in light of the entire record, and to determine whether he applied the correct legal standards. *Hargis v. Sullivan,* 945 F.2d 1482, 1486 (10th Cir. 1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir. 1994) (citation omitted).

**New Evidence**

In her summary of issues on appeal, Mrs. Corber makes passing reference to an argument that the district court acted improperly as a "trier of fact by evaluating the evidence." Aplt. Br. at 13. Later, in the context of the analysis of evaluating allegations of pain, she clarifies this argument by alleging the district court made a "serious error" when it "evaluated," and "weighed the evidentiary value" of the M.R.I. report performed by Dr. Duniven, which, she claims, was not considered by the Appeals Council. *Id. at* 16. However, as noted by the district court, the record is clear that the Appeals Council did consider the M.R.I. in its denial of review dated June 2, 1999, in which the Council makes particular reference to Dr. Duniven's report. This circuit has held that when the Appeals Council denies review, the ALJ's decision becomes the Commission's final decision that is reviewed for substantial evidence. The record to be considered on review, however, includes all of the evidence before the Appeals Council, including new evidence that was not before the ALJ. *See O'Dell,* 44 F.3d at 858-59. Consequently, consideration of new evidence for a determination of whether the record is supported by "substantial evidence" under the overall framework of evaluating pain prescribed by *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), is entirely proper by a reviewing court. Therefore, we hold that the district court

-4-

did not err when it specifically considered the M.R.I. report as a part of the record.

## Impairment Listing

In his decision, the ALJ found that Mrs. Corber established she was not currently engaged in substantial gainful activity (step 1 of the five-part sequential evaluation process for determining disability), and that she had several impairments which could be potentially disabling (step 2). Specifically, the ALJ found Mrs. Corber "has major depression, single episode; dysthymic disorder; anxiety disorder; borderline intellectual functioning; hypertension, with no evidence of organ damage; and chronic low back pain and right hip and leg pain, etiology unknown." Aplt. App. (Soc. Sec. Record) at 32. However, the ALJ also found that these impairments, whether considered individually or in combination, did not rise to the level of a Listed Impairment in the regulations, which would conclusively establish a disability. *Id.*

On appeal, Mrs. Corber disputes the ALJ's conclusion that she did not meet Listing 12.04 (Affective Disorder) and Listing 12.06 (Anxiety Related Disorders). She cites *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996), to initially argue that the ALJ's conclusion was not sufficiently explained, and that the evidence was not directly associated with his finding that the impairments did not meet the severity requirements for the regulation's listings. In *Clifton,* a panel of this court reversed the district court and remanded the case for additional proceedings when

-5-

the ALJ made "such a bare conclusion" that it was effectively "beyond meaningful judicial review." *Clifton,* 79 F.3d at 1009. However, as we explained then, our decision was based on the fact that "the ALJ did not discuss the evidence or his reasons for determining that appellant was not disabled at step three, or even identify the relevant Listing or Listings; he merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment." *Id.* This is not the case before us now. Here, the ALJ went to great lengths to identify the relevant listings, discuss the evidence (including objective medical reports that discounted the severity of Mrs. Corber's impairments) and follow the appropriate procedure for documenting the Psychiatric Review Technique Form ratings. These findings are far from the type of summary conclusion we rejected in *Clifton,* and, therefore, are not beyond any meaningful judicial review.

Mrs. Corber alternatively argues the ALJ's conclusion at step three is not supported by substantial evidence. Both Listing 12.04 and 12.06 require a finding of severity which is spelled out in detail in the social security regulations. [1] *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1, §§ 12.04, 12.06. After determining that Mrs. Corber met the requirements under the first part of each

---

[1] The ALJ also analyzed Mrs. Corber's condition under § 12.05, however, the ALJ's decision regarding that section was not argued before the district court and is not disputed in this appeal.

section, namely, the presence of evidence of depression, dysthymic disorder, and anxiety disorder, the ALJ made findings that these impairments resulted in no restrictions on her activities of daily living and only slight difficulties in her maintaining social functioning. Additionally, the ALJ found that she seldom had deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner and that she never had episodes of deterioration or decompensation in work or work-like settings. All of these findings were well below the level of severity necessary for a finding of disabled under the regulations, [2] and we agree with the district court that the ALJ's conclusion that Mrs. Corber, although perhaps not symptom-free, is not so severely impaired that her difficulties rise to a listing level. We have also conducted a thorough review of the medical record, as we must in these cases, and we hold the ALJ's decision

---

[2]    For an impairment to be considered severe enough to be conclusively disabling under the relevant versions of either § 12.04 or § 12.06, the impairment must result in at least two of the following consequences:

> (1) Marked restriction of activities of daily living; or (2) Marked difficulties in maintaining social functioning; or (3) Deficiencies of concentration, persistence, or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or (4) Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

20 C.F.R. Pt. 404 Subpt. P., App. 1, §§ 12.04(B), 12.06(B).

on this point is supported by substantial evidence for substantially the same reasons as those set forth by the district court.

**Evaluation of Pain**

Mrs. Corber next claims that the ALJ erred by failing to properly evaluate her subjective complaints of disabling pain. First, Mrs. Corber argues that the ALJ erred in his application of the framework for evaluating disability based on pain found in *Luna*, 834 F.2d 161. Specifically, she states that the ALJ "fails to lay out his decision in a fashion which portrays his analysis . . . [and instead] the ALJ intermingles his credibility analysis with his review of the objective evidence." Aplt. Br. at 14. We disagree. Under the first prong of the *Luna* analysis, the claimant has the burden to demonstrate a pain-producing impairment by objective medical evidence. *Luna*, 834 F.2d at 163. In connection with this requirement, we have said, "[t]he first component of this inquiry, the objective impairment prerequisite, is fulfilled without regard to subjective evidence" and without assessing the claimant's credibility. *Williams*, 844 F.2d at 753. Pursuant to this requirement, the ALJ in this case specifically stated that there was no objective evidence to document a pain-inducing impairment. His finding that the medical evidence establishes pain, albeit with an unknown cause, is in complete

-8-

accord with that statement and is amply supported by the record. [3] Therefore it is clear that the ALJ did not err by allowing his credibility assessment to affect the initial determination of whether there was objective proof of some pain-inducing impairment.

The ALJ separately found Mrs. Corber's testimony about her subjective level of pain not credible, based, in part, on the absence of documented objective evidence of a disabling impairment. This is not the same as using a credibility assessment to preclude, at the outset, consideration of existing objective evidence in order to avoid further analysis of a claimant's subjective complaints of pain. Indeed, an ALJ is obligated to evaluate those subjective complaints, even if they are unsubstantiated by objective medical evidence. *See Nieto v. Heckler,* 750

---

[3] That particular finding, which states "[t]he medical evidence establishes that claimant has . . . chronic low back pain and right hip and leg pain, etiology unknown," was made under step two of the five-step sequential process for determining disability. *See,* Aplt. Br. Supp. at 32. That step requires a claimant to make a "threshold showing that [her] medically determinable impairment or combination of impairments significantly limits [her] ability to do basic work activities . . . ." *Williams,* 844 F.2d at 751. The showing in step two is a *de minimis* showing of severity which is designed to identify "those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled . . . ." *Bowen v. Yuckert,* 482 U.S. 137, 153 (1987). We note that, due to the incremental nature of the sequential process, a finding at step two that medical evidence establishes an impairment, does not preclude, and may be entirely consistent with, a contrary finding in an evaluation of severity of disabling pain under *Luna,* or a finding at step four that there is no objective evidence of a disabling impairment that prevents the claimant from performing past relevant work.

F.2d 59, 61 (10th Cir. 1984). Thus, we find that there was no improper "intermingling" of any credibility and objective evidence analyses as alleged by Mrs. Corber. Furthermore, we agree with the district court that the ALJ applied the *Luna* framework sufficiently in this case by making detailed findings that specifically related to the required showings, such that his final conclusion was capable of review and ultimately supported by substantial evidence.

Mrs. Corber next argues that the ALJ erred in evaluating her subjective complaints of pain under the final prong of *Luna*. Under that prong, the ALJ is to consider "all the evidence presented to determine whether the claimant's pain is in fact disabling." *Luna*, 834 F.2d at 163. This evidence includes "all medical data presented, any other objective indications of pain, and subjective accounts of the severity of the pain." *Williams*, 844 F.2d at 753. "At this point, the decision maker may assess the claimant's credibility." *Id.*

In *Luna*, as in other cases, this court described the factors an ALJ should consider in evaluating subjective allegations of pain. *See* 834 F.2d at 165-66. And we emphasize, once again, that "credibility determinations are peculiarly the province of the finder of fact," and should not be upset if supported by substantial evidence. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The opportunity to observe and evaluate the demeanor of a witness in cases like this "is invaluable, and should not be discarded lightly. Therefore,

special deference is traditionally afforded a trier of fact who makes a credibility finding." *Williams,* 844 F.2d at 755 (quotation and citations omitted). Our review of the record reveals that the ALJ considered a number of factors which were relevant to the credibility of Mrs. Corber's allegations of pain as well as several "subjective measures of credibility that are peculiarly within the judgment of the ALJ." *Kepler,* 68 F.3d at 391 (quotations omitted). To recite them again would be duplicitous of the memorandum of the district court which articulated, in great detail, its reasons for finding the ALJ had not erred. We add only that during the hearing, the ALJ spent time questioning Mrs. Corber on both her psychological as well as her physical limitations. His evaluation of the evidence reflects the fact that he thoroughly considered the psychological evidence in relation to her subjective complaints of pain, and he specifically found that evidence to be exaggerated and inconsistent with her objective medical history. The ALJ linked his determination of credibility to specific findings of facts in evidence which are fairly derived from the record. Thus, in light of our narrow scope of review, we are compelled to accept that determination. We therefore agree with the district court that the ALJ's determination as to Mrs. Corber's

credibility, and his conclusion that her allegations of pain were not disabling under the final prong of *Luna,* are supported by substantial evidence. [4]

## RFC Assessment

At step four of the sequential process for determining disability, the ALJ found that, despite her impairments, Mrs. Corber had the residual functional capacity (RFC) to perform work she had done in the past as a retail sales clerk. Mrs. Corber argues that her mental impairments, along with evidence of physical ailments and pain, met her burden of proving that she is unable to perform that work and that, therefore, the ALJ erred in his RFC determination. In *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996), we discussed the three phases of step four.

> In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.

---

[4] This is true despite the existence of Dr. Duniven's M.R.I., discussed previously, which was not before the ALJ, but which was, nevertheless, considered by the Appeals Council and the district court. We have already concluded that it was proper for the district court to review the report. Now we agree with that court that consideration of its substance does not change the fact that the ALJ's determination is supported by substantial evidence as the report does not contradict the ALJ's finding of a limited, but not disabling impairment. *See O'Dell,* 44 F.3d at 859.

-12-

*Id.* at 1023 (citations omitted). The ALJ must make specific findings at each of these phases, and those findings must be supported by substantial evidence. *See id.*

Mrs. Corber's specific argument on appeal is that the ALJ erred in making his assessment by relying on raw medical data, and that he should have obtained some analysis or opinion by a treating or examining physician, or by an expert medical source. Again, we disagree. The determination of RFC is an administrative assessment, based upon all of the evidence of how the claimant's impairments and related symptoms affect her ability to perform work related activities. *See* Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *2, *5. The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all of the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ. *See* 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

Moreover, the record in this case includes numerous reports from treating and consultative physicians, all of which contributed to the body of understandable evidence upon which the ALJ could draw to make his assessment. Mrs. Corber was questioned by her own counsel, as well as the ALJ, concerning her mental and physical RFC, the mental and physical demands of her past relevant work and her ability to do that work. Additionally, the ALJ had the

benefit of properly elicited testimony from a vocational expert concerning the second and third phase of the analysis, including testimony specifically directed at the combined effect of Mrs. Corber's mental and physical limitations on her ability to work.  Therefore, it is clear from our reading of this record that the ALJ performed the proper analysis under step four, and that his findings are specific and supported by substantial evidence.

Finding Mrs. Corber not disabled under step four, the ALJ was not required to proceed in the sequential analysis, and therefore he was not obligated to use the Medical-Vocational Guidelines.    *See* 20 C.F.R. Pt. 404, Subpt. P., App. 2, §200 (guidelines apply where impairments preclude performance of past relevant work).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge