**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID LOPEZ,

   Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

   Defendant-Appellee.

No. 03-2035
(D.C. No. CIV-02-303 LH/LCS)
(D.N.M.)

**ORDER AND JUDGMENT**  *

Before **HARTZ** , **BALDOCK** , and **McCONNELL** , Circuit Judges.

  After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

  Claimant David Lopez appeals from a district court order affirming the

Commissioner's decision denying his application for supplemental security

---

 *  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

income and disability insurance benefits. The Commissioner concluded that claimant was not disabled within the meaning of the Social Security Act because, despite his limitations, he was able to perform a significant number of jobs that exist in the national economy. We affirm in part, and reverse and remand in part for further proceedings.

Claimant filed applications for benefits in 1999 and 2000, alleging inability to work due to arthritis, gastroesophageal reflux disease and depression. His applications were denied initially and on reconsideration. Following a hearing before an administrative law judge (ALJ), the ALJ found that claimant was impaired by chronic low back pain, arthritis, major depression with anxiety, and gastroesophageal reflux, and that these impairments precluded him from doing his past relevant work. The ALJ further found that claimant retained the residual functional capacity (RFC) to perform simple, non-public, light work with occasional postural limitations and not involving concentrated exposure to heights. The ALJ determined that claimant was not disabled at step five of the five-step sequential process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), because he could perform substantially the full range of light work. Although the ALJ questioned a vocational expert (VE), he used Rule 202.17 from

the Medical-Vocational Guidelines (the "grids"), 20 C.F.R. pt. 404, subpt. P, app. 2, to conclude that claimant was not disabled. [1]

This court reviews the Commissioner's decision to determine only whether the relevant findings are supported by substantial evidence in light of the entire record, and whether the Commissioner applied the correct legal standards. *O'Dell v. Shalala*, 44 F.3d 855, 858-59 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 858 (quotation omitted). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *Id*. In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the [Commissioner]." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted).

---

[1] Rule 202.17 directs a conclusion of not disabled where a claimant's relevant medical and vocational characteristics precisely match those identified in the table incorporating the rule (Table No. 2 of Appendix 2), namely, a residual functional capacity to perform light work, a younger individual (age 45-49), a limited education or less (at least literate and able to communicate in English), and no or only unskilled previous work experience.

On appeal, claimant first contends the ALJ's assessment of his mental impairment is unsupported by substantial evidence and is legally erroneous. Based largely upon the mental RFC assessment report and Psychiatric Review Technique Form completed by Dr. Walker, a reviewing psychiatrist, the ALJ found that claimant had marked limitations in his abilities to understand, remember, and carry out detailed instructions, and to interact appropriately with the general public, but that claimant would still be capable of performing simple, non-public, light work.

Claimant contends the ALJ's assessment of his mental impairment is not supported by substantial evidence because it ignored Dr. Walker's conclusion that claimant required a solitary work setting. We disagree. Dr. Walker concluded that claimant could "work in a relatively solitary work setting such as his prior custodial work." Appellant's App., Vol. II, at 162. The ALJ's finding that claimant could work in a simple, non-public work setting fully takes into account the limitations found by Dr. Walker.

We also disagree with claimant's assertion that either the ALJ or Dr. Walker failed to give sufficient weight to the report of Dr. Sacks, a one-time examining physician. The ALJ accurately noted Dr. Sacks' observation that claimant would have great difficulty dealing with fellow workers and supervisors, could not drive himself, and would have difficulty adapting to changes in the

-4-

work place, understanding even simple instructions, with maintaining the attention required to perform simple tasks and withstanding the stress and pressure associated with day-to-day work activities. The ALJ also noted Dr. Sacks' observation that claimant had only tried one anti-depressant because he had previously refused to take anti-depressant medication.

The ALJ did not specifically discuss Dr. Sacks' conclusion that claimant's Global Assessment of Functioning (GAF) score "during the last year and currently is about 40." *Id*., at 158. The GAF scale is used by clinicians to report an individual's overall level of functioning. *See* American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders 32 (Text Revision 4th ed. 2000). A GAF of 31-40 indicates "[s]ome impairment in reality testing or communication . . . OR major impairment in several areas, such as work. . ., family relations, [or] judgment," while a GAF of 41-50 indicates "[s]erious symptoms . . . OR any serious impairment in social or occupational . . . functioning." *Id*., at 34.

Contrary to claimant's contention, a GAF score of 40 may indicate problems that do not necessarily relate to the ability to hold a job. *See id*. Thus, standing alone, the GAF score does not evidence an impairment seriously interfering with claimant's ability to work. "While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the

RFC's accuracy." *Howard v. Comm'r of Soc. Sec*. 276 F.3d 235, 241 (6th Cir. 2002) (holding that "ALJ's failure to reference the GAF score in the RFC, standing alone, does not make the RFC inaccurate"). Dr. Sacks did not indicate that claimant could not work. His assessment of claimant's GAF score, standing alone, does not undermine, nor is it "significantly probative" evidence in opposition to, the ALJ's ultimate conclusions concerning the seriousness of claimant's mental status or ability to work. *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) (holding that ALJ "may not ignore evidence that does not support his decision, especially when that evidence is significantly probative" (quotation omitted)).

Claimant also appears to argue that the ALJ failed to give proper consideration to the reports of Dr. Vega, his treating physician. It is, however, clear that the ALJ thoroughly considered Dr. Vega's findings. Indeed, it appears that the ALJ based much of his conclusion that claimant's depression and anxiety was related to situational stressors and that he could function without medication on Dr. Vega's reports that claimant declined any treatment for his depression, reported feeling better once he opened a car detailing shop, was able to function and did not require medication for his mental condition, and was managing rather well on Xanax for his anxiety, which he took only on an as-needed basis.

We conclude that the ALJ properly considered all of the medical evidence and that substantial evidence supports the ALJ's assessment of claimant's mental impairment. The ALJ did not misinterpret or misapply the medical evidence, and it is clear from our review of the evidence that the ALJ's assessment of claimant's mental RFC was based on his consideration of the record as a whole. What claimant is essentially asking is that this court reweigh the evidence relating to his depression and anxiety, and to substitute our judgment for that of the ALJ, which, of course, we cannot do. *See Casias*, 933 F.2d at 800.

Next, claimant asserts that the ALJ erred in relying on the grids to find that he was not disabled, arguing that his nonexertional mental impairment of major depression with anxiety prevented reliance on the grids. As a general rule, the grids may not be used conclusively if the claimant has nonexertional impairments that limit the ability to do the full range of work within a classification. *See Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). In the case of a claimant who suffers from nonexertional impairments, or a combination of exertional and nonexertional impairments, that prevent him from performing a full range of work at a given exertional level, the grids may be used only as a guide, and the Commissioner must prove through expert vocational testimony that jobs exist in the national economy which the claimant can perform. *See Channel v.*

*Heckler* , 747 F.2d 577, 581-83 (10th Cir. 1984); 20 C.F.R. §§ 404.1569a(c)(2), 416.969a(c)(2).

In this case, the ALJ found that claimant has a nonexertional mental impairment of major depression with anxiety and that this impairment is severe. Appellant's App., Vol. II, at 14.     *See* 28 C.F.R. §§ 404.1569a(c)(1)(i)-(iii), 416.969a(c)(1)(i)-(iii) (stating that nonexertional limitations include difficulty in functioning due to anxiety or depression, handling detailed instructions, or maintaining attention and concentration). "[R]esort to the grids is particularly inappropriate when evaluating nonexertional limitations such as . . . mental impairments." *Hargis v. Sullivan* , 945 F.2d 1482, 1490 (10th Cir. 1991).

The ALJ also concluded that claimant could not perform all light work jobs. Consistent with the evidence that the claimant has marked limitations in his abilities to understand, remember, and carry out detailed instructions, and to interact appropriately with the general public, the ALJ determined that claimant was restricted to light  work that was simple and non-public. Appellant's App., Vol. II, at 17, 19.

Although the ALJ determined that the range of light work jobs claimant could perform was restricted to simple, non-public work, he found that claimant's restrictions did not significantly compromise his ability to perform light work. Admittedly, the grids may be used to direct a conclusion if the claimant's

nonexertional impairments do not significantly reduce the underlying job base. *See Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (holding that ability to perform a "substantial majority of the work in the designated RFC category" justifies use of the grids). "The ALJ, however, must back such a finding of negligible effect with the evidence to substantiate it." *Talbot v. Heckler*, 814 F.2d 1456, 1465 (10th Cir. 1987). We find insubstantial support in the record for the ALJ's determination of that finding, however. The ALJ's conclusion that claimant could perform most light work jobs was not supported by the VE's testimony or any other source. Accordingly, we remand the case for the limited purpose of obtaining vocational expert testimony or other additional evidence of the effect of the identified nonexertional limitations on claimant's ability to do substantially the full range of light work.

The judgment of the district court is AFFIRMED in part and REVERSED in part, and the cause is REMANDED to the district court with directions to remand the action to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-9-