FILED
United States Court of Appeals
Tenth Circuit

October 1, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LORI J. MITCHELL,

  Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

  Defendant-Appellee.

No. 12-6012
(D.C. No. 5:11-CV-00139-W)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

Lori J. Mitchell appeals from a district court order affirming the

Commissioner's denial of Social Security disability and Supplemental Security

Income benefits.  We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Mitchell's protected filing date was January 28, 2009.  She alleged disability due to diabetes, a bipolar condition, and difficulties with her ankle, hearing, back, and thyroid.  In her administrative hearing, the administrative law judge (ALJ) applied the Medical-Vocational Guidelines—or "grids"—and found that while Ms. Mitchell could not return to her previous work in a call center or as a pizza delivery employee, she did retain the ability to perform work that was available in the national economy and, accordingly, was not disabled at step five under the grids.  *See generally Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining five-step analysis in detail); *see also* 20 C.F.R. §§ 404.1520 – 416.920.  The Appeals Council denied Ms. Mitchell's request for review, and she sought review of the Commissioner's final decision in the district court.  The district court conducted a de novo review, adopted the report and recommendation of the magistrate judge, and affirmed the Commissioner's denial of benefits.  Ms. Mitchell appeals.

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*. (internal quotation marks omitted).

Ms. Mitchell raises one issue on appeal:  whether the Commissioner can conclusively rely on the grids, without vocational expert testimony, where the ALJ specifically found that Ms. Mitchell's ability to perform light work was limited by

severe mental impairments. Generally, the grids may not be used conclusively if the claimant has nonexertional impairments that limit the ability to do the full range of work within a classification. *See Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). "Moreover, resort to the grids is particularly inappropriate when evaluating nonexertional limitations such as pain and mental impairments." *Hargis v. Sullivan*, 945 F.2d 1482, 1490 (10th Cir. 1991).

However, it is equally clear in our circuit that "[t]he mere presence of a nonexertional impairment does not preclude reliance on the grids." *Thompson*, 987 F.2d at 1488. The nonexertional impairment "must interfere with the ability to work." *Id*. Use of the grids is foreclosed only where the "nonexertional impairments are significant enough to limit [the claimant's] ability to perform the full range of jobs" available. *Channel v. Heckler*, 747 F.2d 577, 583 (10th Cir. 1984). In fact, the grids may be used for claimants with nonexertional impairments "whenever the claimant can perform a substantial majority of the work in the designated [residual functional capacity] category." *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995). While an ALJ may determine that a nonexertional impairment has only a negligible effect on the range of jobs available, he "must back such a finding of negligible effect with the evidence to substantiate it." *Talbot v. Heckler*, 814 F.2d 1456, 1465 (10th Cir. 1987). And "once a mental impairment is considered to be severe, it must be included in the residual functional capacity assessment, the fifth step in the sequential evaluation process." *Hargis*, 945 F.2d at 1488.

In this case, the ALJ found that Ms. Mitchell had the following severe impairments: major depressive order and diabetes mellitus. However, the ALJ also found that neither impairment met or was medically equal to a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ noted that, according to the medical evidence, Ms. Mitchell has only "moderate difficulties" in social functioning, concentration, persistence, and pace. Aplt. App. II at 21. The ALJ then proceeded to step five and stated:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with nonexertional limits. Claimant can perform simple tasks with routine supervision; can relate to supervisors and peers on a superficial work basis; and cannot relate to the general public. Claimant can adapt to a work situation.

*Id*. at 22. The ALJ specifically referenced Ms. Mitchell's mental impairment in the residual functional capacity (RFC) determination and noted it was based on the opinions of the state agency psychologists, which were "consistent with the record when viewed in its entirety, including the mental consultative examination." *Id*. at 22-23. Although he found Ms. Mitchell's mental impairment was severe, he noted the medical testimony supported the position that the impairment "[did] not prevent her from performing light work with some nonexertional limitations." *Id*. at 23.

The ALJ then considered Ms. Mitchell's age, education, work experience, and RFC, and found there were jobs existing in significant numbers in the national economy that Ms. Mitchell could perform. The ALJ cited Social Security Ruling

- 4 -

85-15 for a definition of the basic mental demands of unskilled work: "the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." SSR 85-15, 1985 WL 56857, at *4 (1985). The ALJ concluded that "[Ms. Mitchell] retains the mental skills for unskilled work." Aplt. App. at 24. The medical evidence and record supports the ALJ's finding that Ms. Mitchell could perform substantially all of the work available in the unskilled light work category because Ms. Mitchell "retains the capacity for work with routine supervision and work-related contact." *Id.* We agree with the ALJ that Ms. Mitchell is not disabled.

The authority Ms. Mitchell cites to support her position that an ALJ's use of the grids is inappropriate where the claimant has severe mental impairments is misplaced. In the cases Ms. Mitchell cites, many of which are unpublished, the ALJ either failed to adequately consider the claimant's nonexertional limitations, or failed to support a grid-based decision in the record. *See, e.g., Thompson*, 987 F.2d at 1491 ("The ALJ . . . ignored completely [claimant's] pain throughout the rest of his analysis."); *Allen v. Barnhart*, 357 F.3d 1140, 1143 (10th Cir. 2004) ("[T]he ALJ ignored the many additional physical and mental restrictions that *he found* qualified [claimant's] RFC and simply applied the grids . . . ."); *Lopez v. Barnhart*, 78 F. App'x 675, 679 (10th Cir. 2003) (unpublished opinion) ("The ALJ's conclusion that claimant could perform most light work jobs was not supported by the

[vocational expert's] testimony *or any other source*." (emphasis added)); *Wadford v. Chater*, No. 95-7147, 1996 WL 421988, at *1 (10th Cir. July 26, 1996) (unpublished opinion) ("Because there is nothing in the record to satisfy the Secretary's burden . . ., we cannot say the ALJ's grid-based decision is supported by the requisite substantial evidence.").

In this case, though, the ALJ supported his use of the grids with a discussion of Ms. Mitchell's mental impairment, its effect on job performance under SSR 85-15, and Ms. Mitchell's continuing ability to perform a substantial majority of light unskilled work. And while Ms. Mitchell is correct that the Eighth Circuit seems to require vocational expert testimony at the mere existence of severe mental impairments, *see Brock v. Astrue*, 674 F.3d 1062, 1065 (8th Cir. 2012), our precedent differs.

Accordingly, the judgment of the district court is **AFFIRMED**.

Entered for the Court

David M. Ebel
Circuit Judge